UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CORNELL SHERMAN, | CASE NO. 1:12 CV 760 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| MARGARET BRADSHAW, | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | |

## Introduction

On March 28, 2012, Petitioner *pro se* Cornell Sherman, an inmate at the Richland Correctional Institution, filed the above-captioned Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Petition and attachments (collectively "the Petition") indicate Sherman challenges his convictions, pursuant to an August 2003 guilty plea, for involuntary manslaughter and aggravated burglary. For the reasons stated below, the Petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, Petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has

determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

Sherman raises three grounds for relief, as follows: 1) the trial court failed to inform him of his right against compulsory self-incrimination; 2) the trial court failed to inform him he had a right to face his accusers; and, 3) the trial court failed to inform him of right to compulsory process to present his own defense.

## Analysis

The Petition reflects Sherman did not file a direct appeal. Instead, he filed a motion in 2007 to withdraw his guilty plea, which was denied. He did not appeal the denial. In 2010, he filed a second motion to withdraw guilty plea, which was again denied. He appealed that denial to the Ohio Court of Appeals, which determined his claims were barred by the doctrine of *res judicata*. *See, State v. Sherman*, 2011 WL 1419643(Cuy. Cty. App. Apr. 14, 2011). Thus, Petitioner was and is procedurally barred from raising his claims in the state court.

Procedural default occurs when the last state court rendering a decision makes a plain statement basing its judgment on a procedural bar, as the Ohio Court of Appeals did in Petitioner's case. If a procedural bar in the state court exists, this Court will not consider the claims unless Petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to case. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991)(citing *Murray v Carrier*, 477 U.S. 478, 488 (1986); *see, Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1990); *see also, Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)(pro se status and ignorance of his rights do not constitute cause excusing a petitioner's failure to properly raise grounds before the state courts). No such showing is reasonably suggested by the Petition.

## Conclusion

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

2

decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b)

    IT IS SO ORDERED.

/s/ Donald C. Nugent 6/19/12
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE